Tilghman C. J.
This motion is founded on the twenty-first section of the act to incorporate the city of Philadelphia passed the 11th March 1789. By this law it is enacted, that any person aggrieved by any judgment of the Mayor’s Court, “may sue out and obtain his writ of error, which shall be granted of course, in like manner as other writs of error are granted and made returnable in the Supreme Court of this commonwealth, and shall be proceeded in under the *388 same rules and regulations.” We must understand this provision with reference to the subject to which it is applied, viz. criminal prosecutions. It will be necessary therefore to inquire what was the manner in which other writs of error 'were granted in criminal cases. This will be *found in the ninth section of the act of 22d May 1722, by which it is provided, that judgments of the courts of General Quarter Sessions of the Peace and Jail Delivery, or any other courts of record, may be removed to the Supreme Court by writs of error, “which shall be granted of course, in like manner as other writs of error are to be granted and made returnable to the said Supreme Court.” The provision in these two laws respecting writs of error, is the same, and no doubt one was copied from the other. The construction of the act of 1722 and the uniform practice under it, I understand to have been, that in prosecutions for felony, or misdemeanors which subjected the offender to an infamous punishment, a writ of error was not grantable without the consent of the attorney general or a judge of the Supreme Court. And for this, there was great reason. The statutes by which defects in judicial proceedings in matters of form were cured, not having been extended to criminal cases, if a writ of error had been grantable at the bare request of the party, the administration of justice would have been obstructed, to the great inconvenience and danger of the public ; for difficulty of conviction operates as an encouragement to crimes. The construction put upon this act of assembly was in conformity to the principles of the common law. We find it laid down in 4 Black. Com. 392, that writs of error to reverse judgments in case of misdemeanors, are not to be allowed of course, but on probable cause shown to the attorney general, and then they are understood to be grantable of common right and ex debitojustitice. And in capital cases they are altogether matter of favor and not of right. In the case of Lord Gray and others (called the rioters’ case) 1 Yer-non 175, it is said by the lord keeper, that writs of error in criminal cases are discretionary and not of course. This principle has been fully recognized by our legislature in the act to establish the judicial courts of the commonwealth in conformity to the present constitution. It is enacted by the seventh section, that indictments in the courts of Oyer and Terminer, Gaol Delivery or Sessions of the Peace, may be removed to the Supreme Court, by a certiorari or writ of error, as the case may require, provided that no such writ shall issue, unless the same shall be specially allowed by the Supreme Court or one of the justices thereof, upon sufficient *389 *cause shown, or shall be sued out with the consent of the attorney general. The Mayor’s Court is not mentioned in this act, because its organization was not affected by the present constitution, and therefore there was no occasion to say anything about it. But it is not to be supposed, that it could have been intended to place criminals indicted in that court on a different footing from those who were prosecuted in other courts. Writs of error to the Mayor’s Court then, stand on the footing on which they were placed by the act to incorporate the city of Philadelphia. I have already mentioned the construction by which that act must be governed, that is to say, that writs of error are not of course, but subject to the consent of this Court or one of the judges thereof, or of the attorney general, in cases in which the offenders are liable to infamous punishments. I am therefore of opinion that the order requested in this case should not be granted.
Yeates J.
The single question in this case is, whether a writ of error directed to the Mayor’s Court at the instance of the defendant in a case of larceny, is a writ of right?
It has been contended, that under the 9th section of the act of 22d May 1722, persons aggrieved by the judgment of any of the courts of Quarter Sessions of the Peace and Gaol Delivery, or other court of record, shall have their writ of error of course, (1 Dali. St. Laws 178), and that the act of 11th March 1789, incorporating the city of Philadelphia, in section twenty-one has the same words, as applied to the Mayor’s Court, with this addition, “ and shall be proceeded in under the same rules and regulations.” 2 Dali. St. Laws 661.
But these latter expressions modify the generality of the clause, and when it is said, that “these writs shall be in like manner as other writs are granted returnable into the Supreme Court,” it puts writs of error to the Mayor’s Court on the same footing as writs of error directed to other courts of criminal jurisdiction. Now by the seventh section of the act of 13th April 1791 (3 Dali. St. Laws 94), it is provided, that no writ of error in any court of Oyer and Terminer, Gaol Delivery or Sessions of the Peace, shall be available to remove any indictment and proceedings therein, unless the same shall be specially allowed by the Supreme Court, or *one of the j ustices thereof on sufficient cause shown, or by consent of the attorney general. It necessarily follows, that the same provisions must be extended to the Mayor’s Court. And I cannot suggest to myself a single *390 reason, why the justice of the country should be administered in that tribunal, in a different mode from that exercised by other courts of criminal jurisdiction.
But independently of the act of April 1791, writs of error in cases of a criminal nature rest in the discretion of the superior court who is called upon to issue them. 2 Hawk, c. 50, s. 13; 4 Bla. Com. 192. Such also is the rule as to certioraris removing indictments on the application of defendants. Ib. c. 27, s. 27, 28. And I have always understood it to be the uniform practice in Pennsylvania antecedently to the act of assembly of 13th April 1791, that writs of removal in such criminal cases as upon conviction would be followed with an infamous punishment, could not be obtained at the option of the defendants. It is not unreasonable to suppose, that these may be the rules and regulations referred to in the twenty-first section of the law of 11th March 1789.
In whatever light I view the defendant’s applications, I am of opinion that they should be denied.
Brackenridge, J". expressed his concurrence.
Motion denied.
[Cited in 2 Wh. 116.]